Filed 2/7/24  P. v. Ponce CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>　　　　Plaintiff and Respondent,<br><br>　　v.<br><br>CHRISTIAN PONCE,<br><br>　　　　Defendant and Appellant. | C098536<br><br>(Super. Ct. No. 16FE006206) |

　　　　Defendant Christian Ponce filed a petition for resentencing under Penal Code former section 1170.95 (now section 1172.6).[1]  The trial court denied the petition, finding defendant failed to make a prima facie showing for relief.  Defendant appealed the order and his appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 and *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), asking this court to review the record and determine if there are any arguable issues on appeal.  Defendant filed a

---

[1]  Undesignated statutory references are to the Penal Code.  Effective June 30, 2022, the Legislature renumbered section 1170.95 as section 1172.6 without substantive change.  (See Stats. 2022, ch. 58, § 10.)

supplemental brief. Having considered defendant's supplemental brief in accordance with *Delgadillo*, we will affirm the trial court's order.

## BACKGROUND

A jury found defendant guilty of attempted murder and discharging a firearm at an occupied motor vehicle. For both offenses, the jury found true enhancement allegations for personal discharge of a firearm causing bodily injury, personal discharge of a firearm, and personal use of a firearm. The trial court sentenced defendant to an aggregate term of 30 years to life in prison, including enhancements under section 12022.53, subdivisions (b), (c), and (d) and section 12022.5, subdivision (a). (*People v. Ponce* (May 10, 2018, C084578) [nonpub. opn.] (*Ponce I*).)

This court affirmed defendant's convictions but remanded the matter for the trial court to exercise its discretion to strike any of the firearm enhancements under newly enacted Senate Bill No. 620 (2017-2018 Reg. Sess.) (Stats. 2017, ch. 682, §§ 1-2). (*Ponce I, supra*, C084578.)

On remand, the trial court struck the section 12022.53, subdivision (d) allegations and resentenced defendant. On the count for attempted murder, it imposed the upper term of nine years, plus 20 years for the previously stayed section 12022.53, subdivision (c) enhancement. On the count for discharging a firearm, the trial court imposed but stayed under section 654 the upper term of seven years, plus 10 years for the previously stayed section 12022.5, subdivision (a)(1) enhancement. This court affirmed the judgment. (*People v. Ponce* (May 12, 2020, C088875) [nonpub. opn.] (*Ponce II*).)

In April 2022, defendant filed a petition for resentencing, declaring that a complaint, information, or indictment was filed against him that allowed the prosecution to proceed on a theory of attempted murder under the natural and probable consequences doctrine, that he was convicted of attempted murder following a trial, and that he could not presently be convicted of attempted murder because of changes made to sections 188 and 189 effective January 1, 2019.

2

The trial court appointed counsel and obtained briefing from the parties. It issued a tentative ruling finding that defendant failed to make a prima facie showing because the record of conviction indicated the jury was not instructed on a theory of imputed malice. The parties waived hearing and submitted on the briefs. The trial court affirmed its tentative decision, which became the final ruling denying the petition.

DISCUSSION

*Wende*'s independent review procedures are not constitutionally required in an appeal from a postconviction order denying a section 1172.6 petition for resentencing. (*Delgadillo, supra*, 14 Cal.5th at pp. 222, 224-225.) When, as in this case, the defendant has been notified that the appeal may be dismissed pursuant to *Delgadillo* and the defendant files a supplemental brief, we evaluate the specific arguments presented but we need not independently review the record. (*Id.* at pp. 228-232.)

Defendant argues he is entitled to the low term as a youth offender based on the provisions of Senate Bill No. 567 (2021-2022 Reg. Sess.). But defendant's judgment was filed in May 2020 and was final long before Senate Bill No. 567 went into effect on January 1, 2022. (*People v. Flores* (2022) 73 Cal.App.5th 1032, 1039 [Senate Bill No. 567 applies retroactively to nonfinal judgments].)

Defendant also asks us to remand the matter for resentencing under Senate Bill No. 620 and *People v. Tirado* (2022) 12 Cal.5th 688. But defendant acknowledges he was already resentenced under Senate Bill No. 620, which this court affirmed in *Ponce II, supra*, C088875.

Defendant's supplemental brief does not challenge the trial court's order denying his resentencing petition, and we find no error. The record of conviction indicates the jury was not instructed on a theory of imputed malice. (*People v. Harden* (2022) 81 Cal.App.5th 45, 52 [appellate court independently reviews a trial court's determination of whether a petitioner has made a prima facie showing].) Applying CALCRIM No. 600, the jury necessarily found that defendant took a direct but

3

ineffective step toward killing the victim and intended to kill the victim. (*People v. Lee* (2003) 31 Cal.4th 613, 623 [attempted murder requires intent to kill]; *People v. Smith* (2005) 37 Cal.4th 733, 739.) The record of conviction establishes that defendant is ineligible for relief as a matter of law.

## DISPOSITION

The order denying defendant's resentencing petition is affirmed.


        /S/
        MAURO, J.


We concur:


    /S/
HULL, Acting P. J.


    /S/
KRAUSE, J.

4